UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

ANTIN STORR

      Plaintiff,
v.                                                                                   Case No.

LANDSCAPING BY ANTHONY INC.,
A Florida Profit Corporation

      Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ANTIN STORR, ("Plaintiff" or "Mr. Storr"), by and through undersigned counsel, files this Complaint against Defendant, LANDSCAPING BY ANTHONY INC. ("Defendant" or "LBA") and states as follows:

## NATURE OF THE SUIT

1. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

2. This action is intended to cover Defendant's wage violations against Plaintiff within the past three (3) years pursuant to the FLSA.

## PARTIES

3. Plaintiff was an hourly paid, non-exempt employee, who performed landscaping and other related activities for Defendant in Saint Lucie County, Florida.

4. Defendant is a Florida Profit Corporation, located in Port Saint Lucie, Florida, which is within Saint Lucie County.

1

## JURISDICTION

5.  Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

6.  The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

7.  This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

8.  At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

9.  At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

10. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

11. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act, in that, said enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Based upon information and belief, the annual and gross revenue of Defendant

was in excess of $500,000.00 per annum during the all times relevant.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as lawn care equipment and landscaping tools.

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business without lawn care employees like Plaintiff.

## FACTUAL ALLEGATIONS

15. Defendant is a Florida based business that operates a residential and commercial landscaping company.

16. Mr. Storr worked for Defendant as a non-exempt Forman from 2002, until his unlawful termination in October 2016.

17. Mr. Storr's job duties included, but were not limited to, performing lawn care maintenance and servicing Defendant's clients, which comprised of operating vehicles, mowing equipment, and other landscape related tools.

18. From the start of Mr. Storr's employment, he regularly worked in excess of forty (40) hours per week. Specifically, Defendant failed to pay Plaintiff for overtime hours worked over the weekend or during holidays.

19. During all times relevant, Defendant failed to compensate Mr. Storr at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked over forty (40) in a single workweek, as mandated by the FLSA.

20. Instead, Defendant only paid Mr. Storr at his standard rate of $16.00 per hour for any additional overtime hours worked on the weekend or during holidays that were outside of Plaintiff's scheduled weekday shifts.

21. During all times relevant, Defendant willfully engaged in practices that denied Plaintiff applicable overtime wages under the FLSA, because Defendant was aware that its practices were illegal.

22. Upon information and belief, Defendant is in possession of Plaintiff's pay and time records. Therefore, Plaintiff cannot calculate, with certainty, the amount of overtime he is entitled to as a result of Defendant's violations of the FLSA on a week by week basis, absent full access to same.

23. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

24. Plaintiff reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

25. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

26. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid proper time and one half compensation for same.

27. Plaintiff is not an exempt employee as defined by the FLSA.

28. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty

(40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

29. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

30. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half the applicable minimum wage for overtime hours.

31. Prior to Plaintiff's employment being terminated, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

32. Prior to Plaintiff's employment being terminated, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

33. Prior to Plaintiff's employment being terminated, Defendant did not consult with the Department of Labor to determine whether its pay practices were in violation of the FLSA.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

   a. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

   c. Award Plaintiff liquidated damages in an amount equal to the overtime

award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 12th day of April, 2017.

Respectfully Submitted,

_(signature)_

Richard Celler, Esq.
Florida Bar No.: 017330
Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: Richard@floridaovertimelawyer.com

*Attorney for Plaintiffs*